(No. 804—Claimant awarded $203.46 with interest.)

First Trust & Savings Bank as Executor and Trustee Under the Last Will and Testament of Anthony H. Reed, Deceased Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed September 16, 1924.*

Inheritance tax—*when refund may be awarded—Sec. 25.* Where an inheritance tax has been assessed against an estate at the highest rate possible under Sec. 25, Inheritance Tax Law, and is paid, and afterwards a contingency happens whereby the estate is transferred to persons taxable at a less rate, and upon a petition being filed praying for the re-assessment of the tax it appeared that the state was not subject to a tax: *Held*, claimant entitled to a refund of the tax paid.

Moses, Rosenthal & Kennedy, for claimant.

Edward J. Brundage, Attorney General; George C. Dixon, Assistant Attorney General, for respondent.

Mr. Justice Phillips delivered the opinion of the court:

First Trust & Savings Bank, a corporation of Chicago, Illinois, as executor and trustee under the last will and testament of Anthony H. Reed, deceased, brings this suit for a refund of inheritance taxes, and alleges in its declaration that an inheritance tax was assessed against the said estate by the county court of Cook county, Illinois, in the sum of $185.92, that the said tax was assessed at the highest possible rate, in accordance with the provisions of Section 25 of the Illinois

Inheritance Tax act; that on May 20, 1920, claimant, as executor and trustee, paid to the county collector of said county the amount of said tax, together with interest at the rate of six (6) per cent per annum thereon, from the date of the death of said deceased to the date of payment, or a total of $203.46; that thereafter a contingency happened whereby the assets of said estate were transferred to persons taxable at a rate less than the rate imposed by the county court in arriving at the tax assessed as above indicated and set forth; that by reason of said contingency, the said estate became, and is subject to no inheritance tax.

On June 19, 1924, the claimant filed a petition in the county court aforesaid asking for a re-assessment of the tax in said estate, and an order was accordingly entered on said date, re-assessing the inheritance tax in said estate, and finding the estate subject to no inheritance tax; that the following persons are entitled to such refund: Robert B. Reed, Ernest C. Reed, Elbert E. Reed, Hazel Robinson (formerly Hazel Reed) and Harold M. Reed, the children and heirs at law of said decedent, and beneficiaries of the trust created by the last will and testament of said decedent. It is clear from the reading of the copy of the will and testament filed, and the findings and orders of the county court of Cook county that the claimant is entitled a refund of amount claimed with interest as claimed.

The Attorney General filed demurrer, and also his consent in writing that claim be allowed as prayed for by claimant.

The court accordingly overrules demurrer and awards the claimant the sum of $203.46.